UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60032-BLOOM

AAMIR KHAN and HUMA AAMIR,

    Appellants,

v.

ALI PANJWANI,

    Appellee.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Appellants Aamir Khan and Huma Aamir's (collectively, "Appellants") Motion to Strike Appellee's Notice of Supplemental Authority, ECF No. [28] ("Motion"). The Motion requests that this Court strike Appellee Ali Panjwani's ("Appellee") Notice of Supplemental Authority, ECF No. [27] ("Notice"), because the Notice contains "no argument as to why this case was filed or how it advances any legal argument relevant to the issues before this Court," ECF No. [28] at 1. Appellants contend that they cannot formulate any arguments in response to the Notice and move to strike the Notice in its entirety. The Court has reviewed the Motion, the Notice, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

"Bankruptcy appeals to the District Court are governed by the Federal Rules of Bankruptcy Procedure, particularly Rules 8001 through 8028, and the Local Rules of the Bankruptcy Court." S.D. Fla. L.R. 87.4. Federal Rule of Bankruptcy Procedure 8014, which governs appellate briefs to the district court, states:

> If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before a decision—a party may promptly advise the district or BAP clerk by a signed submission setting forth the citations. The submission, which must be served on the other parties to the appeal,

> must state the reasons for the supplemental citations, referring either to the pertinent page of a brief or to a point argued orally. The body of the submission must not exceed 350 words. Any response must be made within 7 days after the party is served, unless the court orders otherwise, and must be similarly limited.

Fed. R. Bankr. P. 8014(f).

Moreover, with regard to supplemental filings,

> such supplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains. They should further note the argument to which the legal authorities or evidence relate. Beyond that, however, supplemental filings should do nothing more. Put simply, notices of supplemental authority should not make legal argument.

*Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011) (citing *Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, 2008 WL 2753726, *2 n.2 (S.D. Fla. Oct. 27, 2008)).

A review of the Notice reflects that Appellee properly conformed with the requirements for filing supplemental authority before this Court. In particular, Appellee submitted, without the inclusion of additional improper legal argument, supplemental relevant legal authority and identified the legal issues to which this supplemental filing relates. *See* ECF No. [27] at 2. As such, the Court concludes that Appellee's Notice complied with the rules governing supplemental filings and there is no basis to strike the Notice.

Accordingly, it is **ORDERED AND ADJUDGED** that Appellants' Motion, **ECF No. [28]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 20-cv-60032-BLOOM

Copies to:

Counsel of Record